| Fill in this information to identify the case: |
|---|
| United States Bankruptcy Court for the: **Southern District of Texas** (State) |
| Case number *(if known)*: _____    Chapter __11__ |

☐ Check if this is an amended filing

Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy

06/22

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals*, is available.

| 1. | Debtor's Name | **Venator International Holdings UK Limited** |
|---|---|---|

| 2. | All other names debtor used in the last 8 years  Include any assumed names, trade names, and *doing business as* names | **Huntsman Spin (Holdings) UK Limited** |
|---|---|---|

| 3. | Debtor's federal Employer Identification Number (EIN) | **N/A** |
|---|---|---|

| 4. | Debtor's address | **Principal place of business** | **Mailing address, if different from principal place of business** |
|---|---|---|---|
| | | **Hanzard Drive, Titanium House** Number  Street | Number  Street |
| | | **Stockton on Tees** | P.O. Box |
| | | **Wynyard Park, TS22 5FD, United Kingdom** City  State  Zip Code | City  State  Zip Code |
| | | | **Location of principal assets, if different from principal place of business** Number  Street |
| | | County | City  State  Zip Code |

| 5. | Debtor's website (URL) | https://www.venatorcorp.com |
|---|---|---|

| 6. | Type of debtor | ☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP)) |
|---|---|---|
| | | ☐ Partnership (excluding LLP) |
| | | ☐ Other. Specify: _____ |

Official Form 201    Voluntary Petition for Non-Individuals Filing for Bankruptcy    page 1

Debtor  **Venator International Holdings UK Limited**  Case number *(if known)* _____
        Name

7. **Describe debtor's business**

   A. *Check One:*
   ☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))
   ☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))
   ☐ Railroad (as defined in 11 U.S.C. § 101(44))
   ☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))
   ☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))
   ☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))
   ☒ None of the above

   B. *Check all that apply:*
   ☐ Tax-exempt entity (as described in 26 U.S.C. § 501)
   ☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)
   ☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

   C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes .
   **2819**

8. **Under which chapter of the Bankruptcy Code is the debtor filing?**

   A debtor who is a "small business debtor" must check the first sub-box. A debtor as defined in § 1182(1) who elects to proceed under subchapter V of chapter 11 (whether or not the debtor is a "small business debtor") must check the second sub-box

   *Check One:*
   ☐ Chapter 7
   ☐ Chapter 9
   ☒ Chapter 11.  *Check all that apply:*
   
   ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $3,024,725. If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).
   
   ☐ The debtor is a debtor as defined in 11 U.S.C. § 1182(1), its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $7,500,000, and it chooses to proceed under Subchapter V of Chapter 11. If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return, or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).
   
   ☒ A plan is being filed with this petition.
   
   ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).
   
   ☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.
   
   ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.
   
   ☐ Chapter 12

9. **Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

   If more than 2 cases, attach a separate list.

   ☒ No
   ☐ Yes.  District _____ When MM/DD/YYYY  Case number _____
           District _____ When MM/DD/YYYY  Case number _____

| Debtor | **Venator International Holdings UK Limited** | Case number *(if known)* | |
|---|---|---|---|
| | Name | | |

| 10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?<br><br>List all cases. If more than 1, attach a separate list. | ☐ No<br>☒ Yes. | Debtor | **See Rider 1** | Relationship | **Affiliate** |
|---|---|---|---|---|---|
| | | District | **Southern District of Texas** | When | **05/14/2023** |
| | | Case number, if known | | | MM / DD / YYYY |

**11. Why is the case filed in *this* district?**

*Check all that apply:*

☐ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☒ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☒ No
☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply.*)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.
   What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?** _____
                          Number   Street

_____
City                State   Zip Code

**Is the property insured?**

☐ No
☐ Yes.   Insurance agency _____
         Contact name _____
         Phone _____

### Statistical and administrative information

**13. Debtor's estimation of available funds**

*Check one:*

☒ Funds will be available for distribution to unsecured creditors.
☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

**14. Estimated number of creditors (on a consolidated basis)**

| | | |
|---|---|---|
| ☐ 1-49 | ☐ 1,000-5,000 | ☐ 25,001-50,000 |
| ☐ 50-99 | ☒ 5,001-10,000 | ☐ 50,001-100,000 |
| ☐ 100-199 | ☐ 10,001-25,000 | ☐ More than 100,000 |
| ☐ 200-999 | | |

Debtor    **Venator International Holdings UK Limited**          Case number *(if known)*  _____
          Name

**15. Estimated assets (on a consolidated basis)**
- ☐ $0-$50,000
- ☐ $50,001-$100,000
- ☐ $100,001-$500,000
- ☐ $500,001-$1 million
- ☐ $1,000,001-$10 million
- ☐ $10,000,001-$50 million
- ☐ $50,000,001-$100 million
- ☐ $100,000,001-$500 million
- ☐ $500,000,001-$1 billion
- ☒ $1,000,000,001-$10 billion
- ☐ $10,000,000,001-$50 billion
- ☐ More than $50 billion

**16. Estimated liabilities (on a consolidated basis)**
- ☐ $0-$50,000
- ☐ $50,001-$100,000
- ☐ $100,001-$500,000
- ☐ $500,001-$1 million
- ☐ $1,000,001-$10 million
- ☐ $10,000,001-$50 million
- ☐ $50,000,001-$100 million
- ☐ $100,000,001-$500 million
- ☐ $500,000,001-$1 billion
- ☒ $1,000,000,001-$10 billion
- ☐ $10,000,000,001-$50 billion
- ☐ More than $50 billion

### Request for Relief, Declaration, and Signatures

**WARNING --** Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on   **05/14/2023**
              MM/ DD / YYYY

✗   **/s/ Kurt Ogden**                                           **Kurt Ogden**
    Signature of authorized representative of debtor             Printed name

    Title   **Authorized Signatory**

**18. Signature of attorney**

✗   **/s/ Matthew D. Cavenaugh**                    Date   **05/14/2023**
    Signature of attorney for debtor                       MM/DD/YYYY

    **Matthew D. Cavenaugh**
    Printed name

    **Jackson Walker LLP**
    Firm name

    **1401 McKinney Street, Suite 1900**
    Number        Street

    **Houston**                                                  **Texas**       **77010**
    City                                                         State           ZIP Code

    **(713) 752-4200**                                           **mcavenaugh@jw.com**
    Contact phone                                                Email address

    **24062656**                                                 **Texas**
    Bar number                                                   State

Official Form 201    Voluntary Petition for Non-Individuals Filing for Bankruptcy    page 4

| Fill in this information to identify the case: |
|---|
| United States Bankruptcy Court for the: **Southern District of Texas** (State) |
| Case number *(if known)*: _____  Chapter __11__ |

☐ Check if this is an amended filing

### Rider 1
### Pending Bankruptcy Cases Filed by the Debtor and Affiliates of the Debtor

On the date hereof, each of the entities listed below (collectively, the "Debtors") filed a petition in the United States Bankruptcy Court for the Southern District of Texas for relief under chapter 11 of title 11 of the United States Code. The Debtors have moved for joint administration of these cases under the case number assigned to the chapter 11 case of Venator Materials PLC.

Venator Materials PLC
Venator Americas Holdings LLC
Venator Chemicals France SAS
Venator Chemicals LLC
Venator Finance S.à r.l.
Venator France SAS
Venator Germany GmbH
Venator Group
Venator Group Canada Inc.
Venator Group Services Limited
Venator Holdings Germany GmbH
Venator International France SAS
Venator International Holdings UK Limited
Venator Investments Ltd
Venator Investments UK Limited
Venator Materials International UK Limited
Venator Materials UK Limited
Venator Materials LLC
Venator P&A Finland Oy
Venator P&A Holdings UK Limited
Venator P&A Spain S.L.U.
Venator Pigments France SAS
Venator Uerdingen GmbH
Venator Wasserchemie Holding GmbH

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| VENATOR INTERNATIONAL HOLDINGS UK LIMITED, | Case No. 23-[____] (___) |
| Debtor. | |

**LIST OF EQUITY SECURITY HOLDERS**[1]

| Equity Holder | Address of Equity Holder | Percentage of Equity Held |
|---|---|---|
| Venator Finance S.à r.l. | Avenue de la Gare, 45148, Luxembourg, Luxembourg, L-1610, Luxembourg | 100% |

---

[1] This list serves as the disclosure required to be made by the debtor pursuant to Rule 1007 of the Federal Rules of Bankruptcy Procedure. All equity positions listed indicate the record holder of such equity as of the date of commencement of the chapter 11 case.

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| In re: | Chapter 11 |
| VENATOR INTERNATIONAL HOLDINGS UK LIMITED, | Case No. 23-[____] (___) |
| Debtor. | |

**CORPORATE OWNERSHIP STATEMENT**

Pursuant to Rules 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy Procedure, the following are corporations, other than a government unit, that directly or indirectly own 10% or more of any class of the debtor's equity interest:

| Shareholder | Approximate Percentage of Shares Held |
|---|---|
| Venator Finance S.à r.l. | 100% |

| Fill in this information to identify the case and this filing: | |
|---|---|
| Debtor Name | **Venator International Holdings UK Limited** |
| United States Bankruptcy Court for the: | **Southern District of Texas** |
| | (State) |
| Case number (If known): | |

## Official Form 202
## Declaration Under Penalty of Perjury for Non-Individual Debtors       12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

- ☐ *Schedule A/B: Assets-Real and Personal Property (Official Form 206A/B)*
- ☐ *Schedule D: Creditors Who Have Claims Secured by Property (Official Form 206D)*
- ☐ *Schedule E/F: Creditors Who Have Unsecured Claims (Official Form 206E/F)*
- ☐ *Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G)*
- ☐ *Schedule H: Codebtors (Official Form 206H)*
- ☐ *Summary of Assets and Liabilities for Non-Individuals (Official Form 206Sum)*
- ☐ Amended Schedule
- ☒ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders (Official Form 204)*
- ☒ Other document that requires a declaration **List of Equity Security Holders, Corporate Ownership Statement, and Certification of Creditor Matrix**

I declare under penalty of perjury that the foregoing is true and correct.

| Executed on | **05/14/2023** | ☒ */s/ Kurt Ogden* |
|---|---|---|
| | MM/ DD/YYYY | Signature of individual signing on behalf of debtor |
| | | **Kurt Ogden** |
| | | Printed name |
| | | **Authorized Signatory** |
| | | Position or relationship to debtor |

**Official Form 202**                Declaration Under Penalty of Perjury for Non-Individual Debtors

**Company number:** 10407671

---

WRITTEN RESOLUTIONS

of the Board of Directors of

**VENATOR INTERNATIONAL HOLDINGS UK LIMITED**
(the "**Company**")

made on    13 May 2023

---

The Undersigned:   Justin Phillipson

Jeff Pehrson

Bertrand Defoort

Kurt Ogden

Simon Turner

Gary Begeman

Kim Fennebresque

(each a "**Director**" and together the "**Directors**"), being all of the directors of the Company (the "**Board**"), hereby consent to, approve and adopt the following resolutions in writing with respect to the Company pursuant to Regulation 8 of the Model Articles (as defined in the Company's articles of association) which has been incorporated into the Company's articles of association.

1      BACKGROUND

**WHEREAS:**

(a)   the ultimate parent of the Company is Venator Materials PLC ("**Venator**" and together with its subsidiaries, the "**Venator Group**");

(b)   the Company's Board of Directors has reviewed and considered certain materials presented by the management of the Company and the Company's financial and legal advisers, including, but not limited to, materials regarding the liabilities and obligations of the Company, its liquidity, strategic alternatives available to it and the effect of the foregoing on the Company's business, and has had adequate opportunity to consult such persons regarding the materials presented, obtain additional information and to fully consider each of the strategic alternatives available to the Company;

(c) the Company's Board of Directors has determined in the exercise of its business judgment that it is advisable and in the best interests of the Company and its stakeholders to enter into a restructuring transaction or series of transactions whereby the Company and certain other members of the Venator Group would restructure their debt obligations and other liabilities (the "**Restructuring**"), implemented by way of an in-court process under the provisions of chapter 11 ("**Chapter 11**") of title 11 of the United States Code (the "**Bankruptcy Code**");

1.1 the terms of a restructuring support agreement (the "**Restructuring Support Agreement**") have been substantially agreed between Venator, certain Venator Group entities which are obligors under the Venator Group's New York law governed funded debt (the "**Debt**") (including the Company) and certain lenders and/or noteholders of the Debt; and

1.2 the transactions contemplated in the Restructuring Support Agreement are intended to align debt service obligations with projected cash flows, thereby optimising the Venator Group's long-term capital structure and liquidity.

## 2 RESOLUTIONS

Having considered their duties to promote the success of the Company and the other matters referred to in s. 172(1) Companies Act 2006, the Directors hereby pass the following written resolutions, which shall be valid and effectual as if they had been passed at a meeting of the Board duly convened and held, pursuant to Regulation 8 of the Model Articles as incorporated into the Company's articles of association.

**THAT:**

(a) **Restructuring Documents**

(i) each Director has determined that it is in the best interest of the Company, and its creditors, for the Directors to authorise the Company to (i) enter into the Restructuring Support Agreement by and among the Company, certain of its affiliates and certain commitment parties and (ii) to authorise the payment of certain fees in connection therewith;

(ii) each Director acknowledges and believes that the Restructuring Support Agreement is procedurally and substantively fair to the Company as contemplated by applicable law and the Company's governing documents, to the extent applicable;

(iii) any Director or any persons previously authorised and appointed to act as signatory on behalf of the Company in respect of the Restructuring (each, an "**Authorised Person**"), acting alone or with one or more other Authorised Persons be, and hereby are, authorised and empowered to enter on behalf of the Company into the Restructuring Support Agreement with such changes and in such form as the Authorised Person or Authorised Persons executing the same shall in his or their absolute discretion deem appropriate;

(iv) each of the Authorised Persons, acting alone or with one or more other Authorised Persons be, and they hereby are, authorised and empowered to enter on behalf of the Company into a restructuring transaction or series of restructuring transactions by which the Company will restructure its debt obligations and other liabilities, including but not limited to the restructuring transactions as described in the Restructuring Support Agreement (collectively, the "**Restructuring Transactions**");

(v) each of the Authorised Persons, acting alone or with one or more other Authorised Persons be, and they hereby are, authorised and empowered to take or cause to be taken any and all such other and further action, and to execute (under the common seal of the Company, if appropriate), acknowledge, deliver, and file any and all such agreements, certificates, instruments, and other documents in furtherance of the Restructuring Transactions to which the Company is or will be a party, including, but not limited to, the Restructuring Support Agreement and all agreements and documents contemplated thereby (collectively, the "**Restructuring Documents**"), to incur and pay or cause to be paid all fees and expenses and engage such persons, in each case, in the form or substantially in the form thereof submitted to the Board, with such changes, additions and modifications thereto as the Authorised Persons executing the same shall, in their absolute discretion approve, such approval to be conclusively evidenced by such Authorised Person's and/or officer's execution and delivery thereof; and

(vi) each of the Authorised Persons be, acting alone or with one or more other Authorised Persons, and hereby are, authorised, directed and empowered in the name of, and on behalf of, the Company to take any and all actions to (i) obtain approval by a court of competent jurisdiction or any other regulatory or governmental entity of the Restructuring Documents in connection with the Restructuring Transactions and (ii) obtain approval by any court of competent jurisdiction or any other regulatory or governmental entity of any Restructuring Transactions.

(b) **Voluntary petition for relief under applicable bankruptcy law and seeking necessary relief**

**THAT:**

(i) in the judgment of each Director it is desirable and in the best interest of the Company, its interest holders, its creditors, and other parties in interest, that the Company file or cause to be filed voluntary petitions for relief (the "**Bankruptcy Petitions**") under the provisions of the Bankruptcy Code for the Company and any of its subsidiaries and any applicable foreign ancillary proceedings for the Company; and in accordance with the requirements in the Company's governing documents and applicable law, hereby consents to, authorises and approves, the filing of the Bankruptcy Petitions and the foreign ancillary proceedings, if any; and

(ii) each of the Authorised Persons, officers of the Company, and/or any persons to whom such Authorised Persons and/or officers delegate

certain responsibilities, be, and hereby are, authorised to execute (under the common seal of the Company, if appropriate) and file, on behalf of the Company and its subsidiaries, all petitions, schedules, lists, and other motions, papers, or documents, and to take any and all action that they deem necessary or proper to obtain such relief, including, but not limited to, any action necessary or proper to maintain the ordinary course operations of the Company's or any of its subsidiary's businesses.

(c)     **Retention of professionals**

**THAT**:

(i)     each of the Authorised Persons, be, and hereby are, authorised, empowered and directed to employ: (i) the law firm of Kirkland & Ellis LLP as general bankruptcy counsel, (ii) the law firm of Jackson Walker LLP as co-bankruptcy counsel, (iii) Moelis & Company as investment banker, (iv) Alvarez & Marsal as restructuring advisor, (v) Epiq Corporate Restructuring, LLC as notice and claims agent, and (vi) any other legal counsel, accountants, financial advisors, restructuring advisors or other professionals the Authorised Persons deem necessary, appropriate or advisable; each to represent and assist the Company in carrying out its duties and responsibilities and exercising its rights under the Bankruptcy Code and any applicable law (including, but not limited to, the law firms filing any pleadings or responses) (the "**Advisers**"); and in connection therewith, the Authorised Persons, be, and hereby are authorised, empowered and directed, in accordance with the terms and conditions hereof, to execute (under the common seal of the Company, if appropriate) appropriate retention agreements, pay appropriate retainers, and to cause to be filed appropriate applications for authority to retain such services; and

(ii)     each of the Authorised Persons, be, and hereby are, authorised, empowered and directed to execute (under the common seal of the Company, if appropriate) and file all petitions, schedules, motions, lists, applications, pleadings, and other papers, and to perform such further actions and execute (under the common seal of the Company, if appropriate) such further documentation that the Authorised Persons in their absolute discretion deem necessary, appropriate or desirable in accordance with these resolutions.

(d)     **Use of cash collateral, debtor-in-possession financing and adequate protection**

**THAT**:

(i)     to the extent applicable to the Company, in the business judgment of the Directors it is desirable and in the best interest of the Company, its stakeholders, and its creditors, to obtain the benefits of (i) the use of cash collateral, as such term is defined in section 363(a) of the Bankruptcy Code ("**Cash Collateral**"), which is security for certain of the Company's prepetition secured lenders (the "**Prepetition Secured Lenders**") under certain credit facilities by and among the Company, the guarantors party thereto and the lenders party thereto; and (ii) the incurrence of debtor-in-

possession financing obligations ("**DIP Financing**") by entering into a superpriority senior secured debtor in possession term loan facility (the "**DIP Facility**") consistent with the terms and conditions set forth in the DIP Term Sheet (as defined in the Restructuring Support Agreement) (the administrative agent and collateral agent under the DIP Facility, the "**DIP Agent**");

       (ii)      in order to use and obtain the benefits of DIP Financing and the Cash Collateral, and in accordance with section 363 of the Bankruptcy Code, the Company will provide certain adequate protection to the Prepetition Secured Lenders (the "**Adequate Protection Obligations**") as documented in proposed interim and final orders (collectively, the "**Financing Orders**") to be submitted for approval of the Bankruptcy Court, and, to the extent that the Company is required to obtain consent from the Prepetition Secured Lenders to enter into any of the DIP Facility Documents, as defined herein, such consent has been (or will be) obtained from the Prepetition Secured Lenders;

       (iii)      in the business judgment of the Directors, the form, terms, and provisions of the DIP Facility and such other agreements, certificates, instruments, receipts, petitions, motions or other papers or documents required to consummate the transaction considered by the Financing Orders (collectively, the "**DIP Facility Documents**"), substantially in the forms circulated to the Directors, and the Company's execution, delivery and performance of its obligations under the DIP Facility Documents, including without limitation the grant of security interests under the DIP Facility Documents, and any borrowings or guaranty therewith, be, and hereby are, in all respects, authorised and approved:

       (iv)      the Company will obtain benefits from the incurrence of the borrowings under the DIP Facility and the other obligations under the DIP Facility and the other DIP Facility Documents which are necessary and convenient to the conduct, promotion, and attainment of the business of the Company;

       (v)      to the extent applicable, the Company shall be, and is hereby, authorised to enter into the DIP Facility and incur the obligations thereunder (the "**DIP Obligations**"), including the borrowing of the loans under the DIP Credit Agreement and other obligations related to the DIP Financing and to undertake any and all related transactions on substantially the same terms as contemplated under the DIP Facility Documents, including granting liens on and security interests in its assets, including the Collateral (as defined in the DIP Facility Documents), to the DIP Agent and each of the Authorised Persons be, and hereby are, authorised, empowered and directed in the name of, and on behalf of, the Company to execute deliver and perform all of the obligations and the transactions contemplated under each of the DIP Facility Documents in the name and on behalf of the Company, with such changes, additions, and modifications thereto as such Authorised Person shall approve, with such approval to be conclusively evidenced by such Authorised Person's execution and delivery thereof;

       (vi)      each of the Authorised Persons be, and hereby are, authorised, in the name and on behalf of the Company, to take all such further actions or

cause all such further actions to be taken and to execute and deliver all such further agreements, documents, instruments, certificates recordings and filings, in the name and on behalf of the Company, as in the determination of such Authorised Person shall be necessary, proper or advisable in order to fully carry out the intent and accomplish the purposes of the foregoing resolutions and to consummate the transactions contemplated thereby, such authority to be conclusively evidenced by the execution of any document or the taking of any such action by such Authorised Person;

(vii)   each of the Authorised Persons be, and hereby are, authorised, in the name and on behalf of the Company, to enter into any guarantees as described or contemplated by the DIP Facility Documents or any other documents, certificates, instruments, agreements, intercreditor agreements, any extension amendment, any incremental agreement or any other amendment required to consummate the transactions contemplated by the DIP Facility Documents and perform its obligations thereunder and to guarantee the payment and performance of the DIP Obligations of the Company and any other guarantor thereunder;

(viii)   each of the Authorised Persons be, and hereby are, authorised, empowered and directed in the name of, and on behalf of, the Company to incur the DIP Obligations and to approve the use of the Cash Collateral pursuant to the Financing Orders, and any Authorised Person be, and hereby is, authorised, empowered and directed to negotiate, execute and deliver any and all agreements, instruments or documents, by or on behalf of the Company, necessary to implement the postpetition financing, including the Adequate Protection Obligations to the Prepetition Secured Lenders in accordance with section 363 of the Bankruptcy Code, as well as any additional or further agreements for entry into the DIP Facility Documents and the use of Cash Collateral in connection with the Chapter 11 case, which agreements may require the Company to grant adequate protection and liens to the Prepetition Secured Lenders and each other agreement, instrument or document to be executed and delivered in connection therewith, by or on behalf of the Company pursuant thereto or in connection therewith, all with such changes therein and additions thereto as any Authorised Person approves, such approval to be conclusively evidenced by the taking of such action or by the execution and delivery thereof;

(ix)   each of the Authorised Persons be, and hereby are, authorised, directed and empowered, in the name of, and on behalf of, the Company to take such actions and negotiate or cause to be prepared and negotiated and to execute, deliver, perform and cause the performance of, each of the transactions contemplated by the DIP Facility Documents and such other agreements, certificates, instruments, receipts, petitions, motions or other papers or required documents to which the Company is or will be party or any order entered into in connection with the Chapter 11 case (together with the DIP Facility Documents and the Financing Orders, collectively, the "**Financing Documents**") and to incur and pay or cause to be paid all related fees and expenses, with such changes, additions and modifications thereto as an Authorised Person executing the same shall approve;

(x) the Company, as a debtor and debtor-in-possession under the Bankruptcy Code shall be, and hereby is, authorised, empowered and directed to incur any and all obligations and to undertake any and all related transactions on substantially the same terms as contemplated under the Financing Documents, including granting liens on its assets to secure such obligations;

(xi) each of the Authorised Persons, be, and hereby are, authorised, empowered and directed in the name of, and on behalf of, the Company, to execute and deliver any amendments, supplements, modifications, renewals, replacements, consolidations, substitutions and extensions of the postpetition financing or any of the Financing Documents or to do such other things which shall in his or her sole business judgment be necessary, desirable, proper or advisable in order to perform the DIP Obligations and to give effect to the foregoing resolutions, which determination shall be conclusively evidenced by his or her or their execution thereof;

(xii) each of the Authorised Persons, acting alone or with one or more other Authorised Persons be, and each of them hereby is, authorised, directed, and empowered in the name of, and on behalf of, the Company, as debtors and debtors in possession, to file or to authorize the DIP Agent to file any Uniform Commercial Code (the "UCC") financing statements, any other equivalent filings, any intellectual property filings and recordation and any necessary assignments for security or other documents in the name of the Company that the DIP Agent deems necessary or appropriate to perfect any lien or security interest granted under the Financing Orders, including any such UCC financing statement containing a generic description of collateral, such as "all assets," "all property now or hereafter acquired" and other similar descriptions of like import, and to execute and deliver, and to record or authorize the recording of, such mortgages and deeds of trust in respect of real property of the Companies and such other filings in respect of intellectual and other property of the Companies, in each case as the DIP Agent may reasonably request to perfect the security interests of the DIP Agent under the Financing Orders;

(xiii) each of the Authorised Persons, acting alone or with one or more other Authorised Persons be, and each of them hereby is, authorised, directed, and empowered in the name of, and on behalf of, the Company, as debtor and debtor in possession, to take all such further actions, including, without limitation, to pay or approve the payment of all fees and expenses payable in connection with the DIP Facility and all fees and expenses incurred by or on behalf of the Company in connection with the foregoing resolutions, in accordance with the terms of the DIP Facility Documents, which shall in their sole judgment be necessary, proper, or advisable to perform any of the Company's obligations under or in connection with the Financing Orders or any of the other DIP Facility Documents and the transactions contemplated therein and to fully carry out the intent of the foregoing resolutions;

(xiv) each Authorised Person of the Company, any one of whom may take action individually, is hereby authorised, in the name and on behalf of the Company, respectively, to (a) prepare any amendments, waivers,

consents, supplements, or other modifications under the DIP Facility Documents and/or all other agreements, instruments, documents, notices and certificates constituting exhibits to or that may be required, necessary, appropriate, desirable or advisable to be executed and delivered pursuant to the DIP Facility Documents or otherwise permitted thereunder or related thereto (each an "**Additional DIP Facility Document**") to which the Company is a party as may be necessary, convenient, advisable, desirable or appropriate at any time from time to time, which amendments, waivers, consents or supplements may provide for modifications or relief under such agreements or documents and may require consent payments, fees or other amounts payable in connection therewith, and (b) execute and deliver such amendments, waivers, consents, supplements, or other modifications under such agreements or documents as such Authorised Person shall deem to be necessary, convenient, advisable, desirable or appropriate, such execution and delivery by such Authorised Person to be conclusive evidence of his or her determination and approval of the necessity, appropriateness or advisability thereof; and

(xv) the signature of any Authorised Person of the Company to each DIP Facility Document, and each Additional DIP Facility Document and any amendments, waivers, consents, supplements, or other modifications to which the Company is a party shall be conclusive evidence of the authority of such Authorised Person to execute and deliver such documents and (b) any person dealing with any Authorised Person of the Company in connection with any of the foregoing matters shall be conclusively entitled to rely upon the authority of such Authorised Person and by his or her execution of any document or agreement, the same shall be valid and binding obligations of the Company enforceable in accordance with its terms.

(e)     **Further actions and prior actions**

**THAT:**

(i) the Company is hereby authorised to authorise (and the Company hereby authorises) any direct or indirect subsidiary of the Company or any entity of which the Company or any subsidiary of such Company is the sole member, general partner, managing member, or equivalent manager, as applicable, to take each of the actions described in these resolutions or any of the actions authorised in these resolutions, and none of the resolutions contained herein, or action taken in furtherance hereto, shall have or cause an adverse effect on any such subsidiary or the Company's interest therein (including without limitation, any automatic dissolution, divestiture, dissociation, or like event under applicable law);

(ii) in addition to the specific authorisations heretofore conferred upon the Authorised Persons, the Authorised Persons, either individually or as otherwise required by the Company's governing documents and applicable law, be, and each of them hereby is, authorised to execute (under hand or under the common seal of the Company if appropriate), acknowledge, deliver and file any and all agreements, certificates, instruments, powers of attorney,

letters, forms, transfer, deeds and other documents on behalf of the Company relating to the Restructuring Matters;

(iii) each of the Authorised Persons (and their designees and delegates) be, and hereby is, authorised and empowered, in the name of and on behalf of the Company, to take or cause to be taken any all such other and further action, and to execute (under the common seal of the Company, if appropriate), acknowledge, deliver and file any and all such agreements, certificates, instruments and other documents and to pay all expenses, including but not limited to filing fees, in each case as in such Authorised Person's or Authorised Persons' absolute discretion, shall be necessary, appropriate or desirable in order to fully carry out the intent and accomplish the purposes of the resolutions adopted herein;

(iv) each Director has received sufficient notice of the actions and transactions relating to the matters contemplated by the foregoing resolutions, as may be required by the governing documents of the Company, or hereby waives any right to have received such notice;

(v) all acts, actions and transactions relating to the matters contemplated by the foregoing resolutions done in the name of and on behalf of the Company, which acts would have been approved by the foregoing resolutions except that such acts were taken before the adoption of these resolutions, are hereby in all respects approved, confirmed and ratified as the true acts and deeds of the Company with the same force and effect as if each such act, transaction, agreement, or certificate had been specifically authorised in advance by resolution of the Board;

(vi) any Director or Authorised Person be, and each of them hereby is, authorised to do all such other acts, deeds and other things as the Company itself may lawfully do, in accordance with its governing documents and applicable law, howsoever arising in connection with the matters above, or in furtherance of the intentions expressed in the foregoing resolutions, including, but not limited to, the negotiation, finalisation, execution (under hand or common seal, whether or not expressed to be a deed, as may be necessary or appropriate) and delivery of any other agreements, certificates, instruments, powers of attorney, letters, forms, transfer, deeds and other documents whatsoever as the individual acting may in his/her absolute and unfettered discretion approve, deem or determine necessary, appropriate or advisable, such approval, deeming or determination to be conclusively evidenced by said individual taking such action or the execution thereof; and

(vii) Each of the Advisers be, and each of them hereby is, authorised to perform all acts in furtherance of the resolutions approved herein.

(f) **Approval of Venator**

(i) The Board acknowledges that the resolutions above shall be subject to and conditional upon approval of the Chapter 11 case and related resolutions by the board of directors of Venator Materials PLC.

This resolution may be executed in any number of counterparts.

Signed by:

_____
Justin Phillipson
Director

_____
Jeff Pehrson
Director

_____
Bertrand Defoort
Director

_____
Kurt Ogden
Director

_____
Simon Turner
Director

_____
Gary Begeman
Director

_____
Kim Fennebresque
Director

*[Signature Page – Written Resolutions of Venator International Holdings UK Limited]*

This resolution may be executed in any number of counterparts.

Signed by:

_____
Justin Phillipson
Director

_____
Jeff Pehrson
Director

_____
Bertrand Defoort
Director

_____
Kurt Ogden
Director

_____
Simon Turner
Director

_____
Gary Begeman
Director

_____
Kim Fennebresque
Director

*[Signature Page – Written Resolutions of Venator International Holdings UK Limited]*